## Lipshutz Appeal

Before Forrest, P. J., Honeyman and Smillie, JJ.

*H. C. Nelson,* for appellant.

*Wright, Spencer, Manning & Sagendorph,* for appellee.

FORREST, P. J., June 1, 1964. — This is an appeal from a decision of the Zoning Board of Adjustment of Lower Merion Township, Montgomery County, Pa., (a) sustaining the determination of the director of building regulations that a certain fiberglass awning over a patio does not constitute an "awning," and therefore, violates the rear yard regulations of the zoning ordinance, and (b) denying appellant's application for a variance from these regulations.

In the instant case appellant entered into a contract to have an "awning" installed on the rear of her property. Prior to the installation thereof, the contractor contacted officials of Lower Merion Township to ascertain whether a permit was required for an "awning." He was advised that a permit was not necessary and he subsequently installed the "fiberglass awning." Approximately eight months after its installation, appellant was advised that Lower Merion Township did not consider this to be an "awning" and that a permit was necessary.

Section 303.8 of the Lower Merion Township Building Code does not require a permit or a fee for an awning, other than for awnings which extend beyond the street line, or over a public walk. Nowhere in the Township Building Code is an "awning" defined.

A practice has developed in Lower Merion Township to allow "canvas awnings," while not allowing awnings of a more rigid or permanent nature. In conformity with this distinction, the board refused to allow a "fiberglass awning." In doing so the board is seeking to impose artificial distinctions of its own choosing which serve only to unreasonably curtail a property owner's use of his property. There is not the slightest suggestion that a canvas awning is less offensive as far as the health, morals, safety and general welfare of the immediate neighborhood is concerned. Arbitrary and artificial distinctions are not favored in the law and this court has no intention of furthering their growth.

This court is of the opinion that the board of adjustment should be reversed as having committed a manifest abuse of discretion in seeking to impose artificial distinctions which serve only to restrict the use of one's own property.

And now, June 1, 1964, the Zoning Board of Adjustment of Lower Merion Township is reversed.